## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                                **Case No. 04-40148-01-RDR**

ANGEL MERCADO-VARGAS,

        Defendant.

_____

### MEMORANDUM AND ORDER

This case is now before the court upon defendant's motion to suppress. The court heard evidence upon the motion on January 21, 2005. After due consideration, the court shall order that the motion be denied for the reasons that follow.

This case arises from a traffic stop on I-70 during the nighttime hours on October 31, 2004. The stop was conducted by Kansas Highway Patrol Trooper Jason Edie. Trooper Edie has been a Highway Patrol Trooper since January 2002. He has conducted hundreds of traffic stops.

Trooper Edie testified that he was on routine patrol when he crested a hill on I-70 and noticed defendant's vehicle following another vehicle too closely. He estimated that defendant's car was within two car lengths of the vehicle ahead of it and that both vehicles were traveling 70 miles per hour. He also testified that the distance between the cars would be traveled in less than two seconds and that this violated his

concept of what was reasonable and prudent. Trooper Edie further testified that he recalled the safety guideline which directed that there be a car-length's distance between vehicles for every 10 miles per hour the vehicles are traveling. This measure of safety or prudent driving was also violated by the facts he observed when he first spotted defendant's vehicle.

Trooper Edie pulled over defendant's car and approached the vehicle. He told defendant, who was the driver and only occupant, that he was stopped for following too closely. Defendant told Trooper Edie that the SUV in front of him had cut him off. Trooper Edie does not know whether or not this was true.

Trooper Edie checked defendant's license and registration and gave him a warning. He told defendant that defendant was free to go and asked if defendant had any questions. Defendant asked a question about the distance to Kansas City. Trooper Edie told defendant that Kansas City was about two hours away. He repeated that defendant was free to go and stepped back from defendant's car. Then, he reinitiated contact with defendant to ask if he could ask defendant more questions. At first, defendant did not seem to understand the question. He replied, "No," but it appeared to Trooper Edie that defendant was conveying that defendant had no questions for the trooper.

2

Trooper Edie twice repeated the request to ask defendant some questions.  Defendant answered affirmatively.  Trooper Edie asked if defendant was hauling drugs such as marijuana, methamphetamine or cocaine.  Defendant answered negatively.  Then, Trooper Edie asked if he could search the car.  Defendant gave his permission.  While searching the car, Trooper Edie found illegal drugs hidden behind the airbag compartment on the passenger side of the car.

There were dry road conditions and it wasn't windy.  Trooper Edie estimated that he was 100 yards behind defendant's car when he crested the hill and first saw the alleged traffic violation.  As time passed and before he switched on the emergency lights to make the traffic stop, Trooper Edie observed the distance increase between defendant's car and the SUV in front.

A videotape of the traffic stop has been considered by the court.  The tape includes a brief view of defendant's car at the time of the alleged traffic violation.

The sole issue raised by defendant's motion to suppress is whether there were sufficient grounds to make the traffic stop.  Defendant asserts that the search of the vehicle was the product of an illegal and unconstitutional stop and seizure because there was no objectively reasonable suspicion of a traffic law violation.

3

The Kansas statute which applies to following too closely states:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

K.S.A. 8-1523(a).

As the Tenth Circuit has made clear in U.S. v. Vercher, 358 F.3d 1257, 1261 (10th Cir. 2004), the issue in this kind of motion to suppress is not whether defendant was actually guilty of following too closely, but whether there was an objectively reasonable suspicion that defendant was following more closely than was reasonable and prudent under K.S.A. 8-1523(a).

> Reasonable suspicion requires that an officer provide some minimal level of objective justification. However, an officer with reasonable suspicion need not rule out the possibility of innocent conduct as long as the totality of the circumstances suffices to form a particularized need and objective basis for a traffic stop. Moreover, reasonable suspicion may be supported by an objectively reasonable good faith belief even if premised on factual error. Finally, reasonable suspicion may rely on information less reliable than that required to show probable cause and it need not be correct.

Id. (interior citations and quotations omitted).

In Vercher, the defendant argued that he wasn't guilty of following too closely because he was following a car that decelerated while going uphill and was being followed by a tractor trailer which was approaching him from behind. These

4

traffic conditions made it reasonable, the defendant alleged, for him to drive as he did.  The district court agreed with defendant that the officer who made the stop did not consider the traffic conditions and granted a motion to suppress.  The Tenth Circuit, however, reversed on the grounds that the officer's observations, even if not completely accurate, provided an objectively reasonable basis to believe there was a violation of the traffic statute.  The Tenth Circuit concluded:

> On a rural interstate in Kansas, an officer's observation of the high speed and dangerously close traveling distance provides sufficient objective justification to suspect that the distance between the vehicles is not "reasonable and prudent."  Although [the driver's] added explanation of the particular traffic conditions may establish that a <u>traffic violation</u> had not in fact occurred under Kansas state law, that does not trump the relevant standard before us; [the officer's] observations need only articulate a basis for a <u>suspicion</u> that a traffic violation might have been occurring.

358 F.3d at 1262.

In the case at bar, we believe Trooper Edie's observation of defendant's car traveling on I-70 at 70 miles per hour within two car lengths of the SUV in front provides a reasonable suspicion that defendant was violating K.S.A. 8-1523(a).

In the brief in support of defendant's motion to suppress, defendant asserts that the holding in <u>Vercher</u> is distinguishable from the facts in this case for two reasons:  first, because the alleged episode of following too closely was a single isolated

5

incident; and second, because the presence of the trooper's car caused the SUV ahead of defendant's car to slow unexpectedly.

Regarding the second point, there is no evidence that the presence of the trooper's car caused the SUV to slow unexpectedly or cut in front of defendant's car.  Defendant only told Trooper Edie that the SUV cut in front of his car.  There is no evidence as to what caused the SUV to make that alleged maneuver, if in fact it did.  Therefore, the explanation offered by defendant in his brief does not diminish the accuracy of the observations providing reasonable suspicion for making the traffic stop.  Indeed, it supports the claim that defendant was following close behind the SUV.

We also reject the argument that there was no reasonable suspicion of a traffic violation because this was a single isolated incident of following too closely.  Defendant cites the case of U.S. v. Gregory, 79 F.3d 973 (10th Cir. 1996) where the court, following the holding of Utah state courts, decided that a single instance of weaving on a winding mountain road on a windy day did not violate the Utah statute requiring that a vehicle be operated "as nearly as practical entirely within a single lane."  We do not believe the Gregory holding can be applied to this case.  We are dealing with a different statute, different driving conditions, and no supporting interpretation

from a Kansas court.  Moreover, as defendant admits, the Tenth Circuit has stated in an unpublished opinion that <u>Gregory</u> did not establish a "bright line" rule even as to what constitutes a violation for weaving.  <u>U.S. v. Dunn</u>, 133 F.3d 933, 1998 WL 8227 (10th Cir. 1998).  Therefore, we do not think the holding has application to the traffic violation alleged here.  Furthermore, the <u>Verchers</u> panel discussed and distinguished its holding from the opinion in <u>Gregory</u> and added:

> "Requiring an officer to deliberate for a longer period of time before effectuating a traffic stop circumvents our reasonable suspicion analysis, which is purposely designed to 'avoid unrealistic second-guessing of police officers' decisions, and to accord appropriate deference to the ability of a trained law enforcement officer to distinguish between innocent and suspicious actions.'"

358 F.3d at 1262, quoting <u>U.S. v. Alvarez</u>, 68 F.3d 1242, 1244 (10th Cir. 1995).

In conclusion, upon review of the videotape and consideration of the testimony in this matter, the court finds that the government has established that there was reasonable suspicion that defendant had committed the violation of following too closely as prohibited by K.S.A. 8-1523(a).  Therefore, there was no Fourth Amendment violation or illegal stop and seizure.  The motion to suppress must be denied.

**IT IS SO ORDERED.**

7

Dated this 3rd day of February, 2005 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge